IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AIR MARSHAL ASSOCIATION : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 22-2254 |
| SECRETARY OF THE DEPARTMENT OF : | |
| HOMELAND SECURITY et al. : | |
| : | |

**SURRICK, J.**                                                                                                  **JUNE 4, 2025**

## MEMORANDUM

**I.     BACKGROUND**

On February 4, 2025 a Memorandum and Order was issued granting in part and denying in part Defendants U.S. Department of Homeland Security, Transportation Security Administration, Federal Air Marshal Service, and Richard F. Altomare's[1] Motions to Dismiss. That Order granted Defendants' Motions to Dismiss, except with respect to Plaintiff's First Amendment and contractual interference claims to the extent that Plaintiff sought non-monetary relief.  Presently before the Court is Defendants' Motion for Reconsideration or Clarification, which was filed on February 18, 2025.  Plaintiff Air Marshal Association ("AMA") responded on March 19, 2025, and Defendants filed a reply brief on March 25, 2025.  Defendants' Motion has been fully briefed and is ripe for disposition.

Defendants primarily argue that the Court did not adequately consider an alternative basis for dismissal.  That is, even if the surviving claims are not precluded by sovereign immunity, they are foreclosed by the Federal Aviation Administration's ("FAA's") personnel management system, which is the exclusive avenue for adjudicating work-related claims for FAA employees.  In

---

[1] Plaintiff's claims against Defendant Richard F. Altomare individually were dismissed.

addition, Defendants contend that Plaintiff should be required to amend the Complaint to expressly plead a waiver of sovereign immunity under the Administrative Procedure Act ("APA"), 5 U.S.C. § 702.

For the following reasons, Defendants' Motion for Reconsideration or Clarification will be denied to the extent Defendants seek to dismiss Plaintiff's surviving claims. In addition, Plaintiff will be required to amend the Complaint to expressly plead the waiver of sovereign immunity under Section 702 of the APA, and Plaintiff will be granted leave to do so.

## II. <u>LEGAL STANDARD</u>

Reconsideration is appropriate where there is: (1) an intervening change in the controlling law; (2) the availability of new evidence not available when the court dismissed the prior petition; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Mathis v. Christian Heating & Air Conditioning, Inc.*, 91 F.Supp.3d 651, 655–56 (E.D. Pa. 2015) (internal citations omitted). In addition, Fed. R. Civ. P. 54(b) provides that "any order or other decision … that adjudicates fewer than all the claims … does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

## III. <u>DISCUSSION</u>

As an initial matter, reconsideration and clarification are warranted for two reasons. First, Defendants' challenge to subject matter jurisdiction based on an exclusive federal personnel management scheme implicates important issues regarding the Court's authority that merit further analysis. Second, clarification will benefit the parties by providing additional direction regarding what claims survive dismissal.

A. **Whether Plaintiff's Surviving Claims Are Foreclosed by the FAA Personnel Management System.**

Defendants argue that the Complaint consists wholly of workplace-related issues that must be brought in the first instance through federal personnel management systems. As Defendants note, comprehensive federal personnel management systems can serve as the exclusive means for reviewing adverse personnel actions against federal employees. *See Elgin v. Dep't of Treas.*, 567 U.S. 1, 5, 11–12 (2012). Here, federal air marshals are subject to the system established by the FAA, 49 U.S.C. § 40122. (*See* ECF No. 25-2 at 3); *see also* 49 U.S.C. § 114(n)(1). That administrative process allows federal air marshals to appeal certain adverse personnel actions to the Merit Systems Protection Board ("MSPB") and seek judicial review of MSPB decisions in the U.S. Court of Appeals for the Federal Circuit. *See* 49 U.S.C. § 40122(g); *AFGE v. Stone*, 502 F.3d 1027, 1031 (9th Cir. 2007).

The ultimate question is whether the FAA's review scheme covers Plaintiff's surviving claims. In *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994), the Supreme Court evaluated factors for assessing whether claims fall within an exclusive administrative scheme and are therefore precluded from judicial review in a district court. The *Thunder Basin* factors include whether: (1) a finding of preclusion could foreclose all meaningful judicial review; (2) the suit is wholly collateral to a statute's review provisions; and (3) the claims are outside the agency's expertise. 510 U.S. at 212-13 (1994); *see also Axon Enter., Inc. v. FTC*, 598 U.S. 175, 186 (2023).

Here, Defendants argue that Plaintiff's constitutional and tortious interference claims are the vehicles though which federal air marshals seek to circumvent a statutorily established personnel management system. These concerns are understandable based on an initial review of the Complaint, which references grievances about earned sick leave, performance evaluations, harassment from supervisors, and other "prohibited personnel practices."

3

Plaintiff responds that Defendants' argument conflates "the rights of individual federal employees who have been the subject of prohibited personnel practices" with the rights of the Plaintiff AMA, an organization that seeks "to be free from government interference … under the First Amendment." (ECF No. 30 at 10.) Plaintiff expounds that "[i]t is the individual rights of the AMA, and not individual grievances filed by AMA members, which is the remaining thrust of the Complaint ..." (*Id.*) The alleged injuries to AMA include member resignations, professional damage, economic distress, and chilling of First Amendment rights based on alleged unconstitutional and tortious conduct.

Applying the *Thunder Basin* factors, the surviving claims in the Complaint plead injuries to AMA as an organization that are sufficiently distinct from issues of personnel management. First, AMA cannot seek relief on its own behalf through the FAA's administrative procedures, so a finding of preclusion could foreclose AMA's claims from any judicial review. Second, the injuries to AMA as a representative organization as alleged—including impacts to membership and finances, as well as chilling effects on speech and the right to associate outside the workplace—are collateral to personnel issues. Third, the remaining First Amendment and contractual interference claims do not generally fall within the purview of the FAA's expertise. *See Axon*, 598 U.S. at 195 (assessing scope of agency expertise). [2]

---

[2] Defendants cite *Nat'l Treasury Emps. Union v. Egger*, 783 F.2d 1114, 1115 (D.C. Cir. 1986) and *Ramirez v. U.S. CBP*, 709 F.Supp.2d 74, 82 (D.D.C. 2010) to argue that courts have found that similar claims were precluded by federal personnel management systems under the Civil Service Reform Act ("CSRA"). Both cases are distinguishable. In *Egger*, the U.S. Court of Appeals for the District of Columbia Circuit found that the CSRA precluded a union's claim that the IRS reclassifying federal employees violated the APA. Notably, that case centered on the types of "minor personnel actions" clearly encompassed by the CSRA. 783 F.2d at 1116. Moreover, to the extent the *Egger* case involved constitutional issues, the D.C. Circuit specifically noted that the "[constitutional] question has not been briefed or argued[;] [n]or was it presented in the district court." 783 F.2d at 1117. *Ramirez* is likewise distinguishable. First, it involved an individual plaintiff, who challenged an agency decision that prohibited the plaintiff from serving on a city council due to conflict of interest concerns. Second, although that court dismissed Ramirez's APA claim, the provision of the APA at issue was not Section 702. Finally, the *Ramirez* court denied the motion to dismiss with respect to the plaintiff's First Amendment claims.

As pled, Plaintiff's surviving claims are not foreclosed by the FAA's personnel management processes. If, however, discovery reveals that these claims are simply a vehicle for redressing the personnel issues of its members, Defendants can renew their challenge to subject matter jurisdiction at that point in time. *See Weaver v. Bowers*, 657 F.2d 1356, 1360 (3d Cir. 1981) ("lack of subject matter jurisdiction [] may be raised at any time") (citing Fed. R. Civ. P. 12(h)(3)).

> **B.    Whether Plaintiff Should Be Required to Amend And Explicitly Plead Waiver of Sovereign Immunity Under Section 702 of the APA.**

Defendants argue that permitting AMA to proceed with its existing Complaint, which did not expressly plead Section 702 of the APA as a waiver of sovereign immunity, is causing confusion and prejudice to the Defendants. Defendants specifically note that, in Plaintiff's response to the present motion, Plaintiff refers to claims that were already dismissed as if they are still before the Court.[3] Defendants thus request that the Court "require AMA to file a new complaint with factual allegations that would support the claims the Court has allowed, and permit the defendants to respond."

We are satisfied that amendment is in the interest of the efficient administration of justice and will prevent confusion. Plaintiff's Complaint should be amended to affirmatively and explicitly plead a waiver of sovereign immunity. Plaintiff will be given leave to file an Amended Complaint.

---

[3] Plaintiff's response refers to claims arising under Section 1983 and the FTCA, but these claims were already dismissed. Although Plaintiff characterizes the surviving contractual interference claim as "arising under the FTCA," this statement is incorrect. Rather, we found that Plaintiff's claim for non-monetary relief based on tortious interference was not covered by the FTCA and therefore not subject to the FTCA's exhaustion requirements. (Feb. 4, 2025 Memo., ECF No. 23 at 13 (citing *U.S. Info. Agency v. Krc*, 989 F.2d 1211, 1216 (D.C. Cir. 1993)).) Moreover, we found that Section 702 of the APA – not the FTCA – waives sovereign immunity with respect to this claim.

## IV. CONCLUSION

For these reasons, Defendants' Motion for Reconsideration will be denied to the extent Defendants seek to dismiss Plaintiff's surviving claims.  Further, Plaintiff will be required to amend the Complaint to expressly plead the waiver of sovereign immunity under Section 702 of the APA, and Plaintiff will be granted leave to do so.[4]  An appropriate order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**

---

[4] The Amended Complaint should also reflect which claims have been dismissed and which survive based on this Court's February 4, 2025 Memorandum & Order.